**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **DWAYNE BREWER, et al.,** | ) ) ) ) | |
| vs. | ) ) ) | **Case No. 1:25-cv-15578** **Judge Joan H. Lefkow** |
| **CHS/COMMUNITY HEALTH SYSTEMS, INC., et al.** | ) ) ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Entry, Dkt. No. 20, the Parties submit this Joint Status Report. Prior to filing this Report, the Parties conferred via video conference on (1) March 3, 2026, attended by Ruben R. Chapa and Alexander L. Braitberg for Plaintiffs and Mark Nielsen, Colleen Harrison, Daniel Cohen, and Kara Petteway Wheatley for Defendant CHS/Community Health Systems, Inc. ("CHS"); (2) March 5, 2026, which was attended by Ruben R. Chapa, Alexander L. Braitberg, and Patrick R. Kutz for Plaintiffs and J. Christian Nemeth for Defendant Gallagher Benefit Services, Inc. ("Gallagher"); and (3) on March 9, 2026, which was attended by Ruben R. Chapa, Alexander L. Braitberg, and Patrick R. Kutz for Plaintiffs, Mark Nielsen, Colleen Harrison, Daniel Cohen, and Kara Petteway Wheatley for Defendant CHS, and J. Christian Nemeth for Defendant Gallagher. The Parties also exchanged multiple emails between March 6 and 9, 2026.

Following these discussions, the Parties state as follows:

**JOINT STATEMENT:** The Parties do not consent to have this matter tried before a Magistrate Judge.

1

**PLAINTIFFS' POSITION:**

*Rule 26(f) Report and Proposed Schedule*:

Plaintiffs submit the following proposed schedule:

(A)     The parties believe that an early settlement conference will not likely result in the disposition of the case.

(B)     The parties shall have until April 3, 2026 to make Rule 26(a)(1) disclosures.

(C)     Amendments to the pleadings and/or joinder of additional parties are anticipated and may be sought upon appropriate motion by February 5, 2027. Amendments thereafter may be made only on motion for good cause shown.

(D)     Non-expert discovery will close on February 5, 2027.

(E)     The cut-off date for designation of plaintiff's trial expert(s) and service of expert reports as provided in Fed. R. Civ. P. 26(a)(2) is April 28, 2027; for defendant's trial expert(s), May 28, 2027; and for Plaintiffs' rebuttal reports, June 25, 2027. Depositions of the experts shall be taken within 30 days thereafter.  Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

(F)     Any motion challenging the qualifications of a designated expert must be made within 21 calendar days after the deposition of the expert.  If no motion is filed, the court may deem such challenges waived.

*Briefing Schedule for Motions to Dismiss*:

Plaintiffs intend to seek an agreed briefing schedule after Defendants submit their response to Plaintiffs' complaint.

*Discovery:*

Plaintiffs' position is that discovery should proceed. Defendants have not filed a motion to stay discovery, and, in any event, have no basis for their position that discovery should not proceed. Because Plaintiffs would be prejudiced by a stay – which would not simplify any issues or reduce the burden for the Court or the parties – the Court should enter Plaintiffs' proposed schedule and the parties should proceed with discovery.

It is fundamental that the proponent of a "stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 249 (1936); *see also Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (vacating judgment because trial court abused discretion in staying discovery). In situations where discovery materials are useful in

2

resolving pending issues, "a stay [does] not streamline the case but delay it." *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 22-1422-VMK, 2024 U.S. Dist. LEXIS 253487, at *22 (N.D. Ill. Oct. 31, 2024); *see also id.* ("[A] stay would unduly prejudice Plaintiffs by delaying the resolution of their claims without a compelling reason to do so."). Parties are not prejudiced when they are simply required to follow a "schedule set in this case and [to brief] issues that they will be contesting no matter what the [Court] decides[.]" *Jimenez v. Microsoft Corp.*, No. 23-03678, 2024 U.S. Dist. LEXIS 74088, at *3 (S.D. Ill. Apr. 23, 2024) (citation omitted). A stay is inappropriate where it is not "likely that any claims will become simpler or the litigation less burdensome[.]" *Vaughan v. Biomat USA, Inc.*, No. 20-4241-MEA, 2022 U.S. Dist. LEXIS 168497, at *35 (N.D. Ill. Sept. 19, 2022).

Here, because Defendants have not identified (presumably because they cannot) any hardship or inequity that would result from moving forward with discovery – and to date have not attempted to carry their burden by moving to stay – discovery should proceed. *Landis*, 299 U.S. at 249. Furthermore, because Plaintiffs believe it is highly likely that discovery will help resolve whatever issues Defendants ultimately raise in their defense, a stay would delay, not expedite, the resolution of this case. *See Williams*, 2024 U.S. Dist. LEXIS 253487, at *22. Moreover, a stay, in itself, is prejudicial to Plaintiffs' interests; because Defendants have no compelling justification for a stay, discovery should proceed. *Id.*

*Dispositive Motions*:

Plaintiffs' position is that the Court should adopt the dispositive motion protocol as set forth in the Court's model scheduling order.

**DEFENDANTS' POSITION:**

*Rule 26(f) Report:*

Defendants do not believe that a Rule 26(f) scheduling order is either required or appropriate at this time, given that Defendants intend to file motions to dismiss Plaintiffs' Complaint, in its entirety, on March 27, 2026.

*Briefing Schedule for Motions to Dismiss:*

Plaintiffs declined to include a proposed briefing schedule with respect to the anticipated motions to dismiss in this Joint Status Report.

*Motion to Stay Discovery:*

Defendants advised Plaintiffs that the motions to dismiss will be brought under Rule 12(b)(1) (challenging Plaintiffs' Article III standing), as well as Rule 12(b)(6) (for failure to state a claim under ERISA). Given that the motions to dismiss will address jurisdictional issues, Defendants believe that a stay in discovery pending resolution of such motions is appropriate— and Defendants will be filing a motion to stay discovery. *See, e.g., DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.) ("Stays

are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity. . . .”); *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746 at *2 (N.D. Ill. Sept. 2, 2020) (“Courts consider threshold issues to be those such as standing, jurisdiction, or qualified immunity, which often support a discovery stay because such a defect ‘affirmatively demonstrates that a case can go nowhere.’”) (citing *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015)); *OSF Healthcare System v. SEIU Healthcare IL Personal Assistants Health Plan*, No. 21 C 50029, 2021 WL 7708963, at *2-3 (N.D. Ill. 2021) (staying discovery to allow for resolution of a threshold issue). Plaintiffs advised that they oppose a stay in discovery.

*Plaintiffs' Proposed Schedule:*

Defendants agree that an early settlement conference is unlikely to result in the disposition of the case.

For the reasons previously stated, Defendants respectfully submit that discovery should be stayed pending the resolution of Defendants' motions to dismiss, which may resolve the case or significantly narrow it. As a result, it would be premature for discovery to proceed and the Court to enter a schedule in this case.

Defendants further object to Paragraphs (B)-(F) of Plaintiffs' proposed schedule, which do not afford the Parties adequate time to complete fact or expert discovery in this complex ERISA class action. Among other things, Plaintiffs' proposed schedule for expert discovery does not afford the Parties (and their respective experts) sufficient time to meaningfully evaluate the expert reports or determine whether to file *Daubert* motions. Defendants will submit a proposed schedule should the Court so request.

*Dispositive Motions:*

Defendants submit that it is premature for the Court to set any protocols for the exchange of demand and offer letters, referral of the case to a magistrate judge for settlement discussions, or a status hearing preceding the close of discovery.

Defendants further submit that the Court should not schedule this case for trial unless and until any motions for summary judgment are decided.

Dated:  March 9, 2026

/s/ Ruben R. Chapa
Ruben R. Chapa
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
(314) 621-5934 (fax)
rchapa@uselaws.com

Andrew D. Schlichter
Alexander L. Braitberg
Patrick R. Kutz
Kaitlin Minkler
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
pkutz@uselaws.com
kminkler@uselaws.com

*Attorneys for Plaintiffs*

Respectfully submitted,

By: */s/ Mark C. Nielsen*
Mark C. Nielsen (no. 90785769)
Daniel J. Cohen (no. 6329558)
Lars C. Golumbic*
Kara Petteway Wheatley*
Colleen J. Harrison*
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Phone: 202-861-6615
Fax: 202-659-4503
mnielsen@groom.com
dcohen@groom.com
lgolumbic@groom.com
kwheatley@groom.com
charrison@groom.com

*Counsel for Defendant CHS/Community Health Systems, Inc.*

*Admitted *pro hac vice*

s/ J. Christian Nemeth
MCDERMOTT WILL & SCHULTE LLP
J. Christian Nemeth
444 W. Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: jcnemeth@mwe.com

*Counsel for Defendant Gallagher Benefit Services*

5