**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DWAYNE BREWER, MARCIA FRANCOIS, KATHLEEN DOYLE-STARK, and WENDY POINDEXTER, individually and as representatives of a class of participants and beneficiaries on behalf of the CHS/COMMUNITY HEALTH SYSTEMS, INC. WELFARE BENEFIT PLAN, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-15578 Judge Joan H. Lefkow |
| CHS/COMMUNITY HEALTH SYSTEMS, INC., GALLAGHER BENEFIT SERVICES, INC., and JOHN DOES 1–20, | |
| *Defendants*. | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCEED PAGE LIMITS**

On March 19, 2026, CHS/Community Health Systems, Inc. ("CHS") and Gallagher Benefit Services, Inc. ("Gallagher") (collectively, "Defendants") requested leave of Court to exceed by ten pages the 15-page limit for each of their memoranda in support of their forthcoming motions to dismiss. Dkt. 32. Before Defendants filed their request, Plaintiffs agreed to expand the page limit to 19 pages, four more pages than the 15 pages presumptively allowed under Local Rule 7.1.

Defendants have failed to meet their burden to show good cause to justify their requested expansion of the page limits. Federal Rule of Civil Procedure 7(b)(1)(B) requires a motion "state with particularity the grounds for seeking the order[.]" But Defendants fail to show with particularity why an extension of the page limits is warranted. Defendants' reasons for seeking

1

the page extension—multiple claims, a lengthy factual record, and discussion of extensive industry data—are neither unusual nor extraordinary in federal litigation and do not warrant deviation from the established rules. *See Beverly California Corp. v. NLRB*, 227 F.3d 817, 829 (7th Cir. 2000) ("The pressure of a large complex proceeding puts a premium on good organization and efficient use of time and space, but that is a good thing, not a bad thing."). Page limits are designed to promote clarity, efficiency, and fairness in briefing. *See Daniel L. v. Dudek*, No. 24-9328-JC, 2025 U.S. Dist. LEXIS 72304, at \*15 (N.D. Ill. Apr. 16, 2025) ("There are page limits for briefs. Time is a very limited commodity."). Courts routinely expect parties to present even complex issues within these limits through careful editing and organization. Allowing significantly overlength briefing would undermine the Court's interest in efficient case management and could encourage similar requests in the future without sufficient justification. *Rock v. NCAA*, No. 12-01019, 2016 U.S. Dist. LEXIS 194879, at \*4 (S.D. Ind. Mar. 11, 2016) ("The Local Rules regarding page limits on briefs are imposed to maintain judicial efficiency and to invoke fairness to opposing parties."). If the Court is inclined to grant any extension, Plaintiffs respectfully request that the limit be expanded to no more than 19 pages, and that for any expansion of page limits, Plaintiffs be afforded a corresponding expansion of the page limit for responsive briefing.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Joint Opposed Motion to Exceed Page Limitation. Dkt. 32. In the alternative, Plaintiffs request that any enlargement be narrowly tailored and that Plaintiffs be granted equal additional pages to respond.

March 20, 2026

Respectfully submitted,

/s/ Ruben R. Chapa

Ruben R. Chapa
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
(314) 621-5934 (fax)
rchapa@uselaws.com

Andrew D. Schlichter
Alexander L. Braitberg
Patrick R. Kutz
Kaitlin Minkler
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
pkutz@uselaws.com
kminkler@uselaws.com

*Attorneys for Plaintiffs*