**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DWAYNE BREWER, MARCIA FRANCOIS, KATHLEEN DOYLE-STARK, AND WENDY POINDEXTER, individually and as representatives of a class of participants and beneficiaries on behalf of the CHS/COMMUNITY HEALTH SYSTEMS, INC. WELFARE BENEFIT PLAN, | |
| *Plaintiffs,* | Case No. 25-cv-15578 |
| | Hon. Joan H. Lefkow |
| vs. | |
| CHS/COMMUNITY HEALTH SYSTEMS, INC., GALLAGHER BENEFIT SERVICES, INC., and JOHN DOES 1–20, | |
| *Defendants.* | |

**DEFENDANTS' JOINT OPPOSED MOTION TO STRIKE JURY DEMAND**

Defendants CHS/Community Health Systems, Inc. ("CHS"), and Gallagher Benefit Services, Inc. ("Gallagher") (collectively, "Defendants") jointly move to strike Plaintiffs' demand for a jury trial pursuant to Federal Rule of Civil Procedure 39(a)(2). Plaintiffs oppose the Motion and the relief requested herein.

Plaintiffs' Class Action Complaint demands a "trial by jury on all issues so triable in this action and, alternatively, an advisory jury." Dkt. 1 ("Compl.") ¶ 248 (citing Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution). But because all of Plaintiffs' claims are brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), Plaintiffs may only seek equitable relief. The Seventh Circuit and courts in the Northern District of Illinois have consistently held that ERISA plaintiffs do not have a right to a jury trial. As a result, Plaintiffs' jury demand should be stricken.

1

## BACKGROUND

Plaintiffs are current or former CHS employees who have elected to pay for voluntary benefits insurance ("VBI"), such as accident, hospital indemnity, and critical illness insurance, under the CHS/Community Health Systems, Inc. Welfare Benefit Plan (the "Plan"). Compl. ¶¶ 13–16. Plaintiffs allege they paid "excessive premiums relative to the benefits received," *id*. ¶ 150, because the insurance carrier paid Gallagher "excessive commissions," *id.* ¶ 78. Plaintiffs assert six claims under ERISA, 29 U.S.C. §§ 1104(a)(1) and 1106, for breach of fiduciary duties and engagement in prohibited transactions." *Id.* ¶¶ 186–247.

Plaintiffs demand equitable remedies under 29 U.S.C. § 1132(a)(3) such as "restitution, disgorgement, or a constructive trust," Compl. ¶¶ 237, 247, as well the "the reversal of all non-exempt prohibited transactions," removal of fiduciaries, surcharge, reformation of the Plan "to include only prudent voluntary insurance," and "other equitable or remedial relief as the Court deems appropriate," *id.* ¶¶ 199, 219, 226, 229, 249.

## LEGAL STANDARD

Under Rule 39(a)(2), a court must strike a party's demand for a jury trial when there is "no federal right to a jury trial." *Buley v. Sears Holdings Corp.*, No. 05 C 3530, 2005 WL 8179248, at *4 (N.D. Ill. Oct. 17, 2005) ("Since there is no right to a jury trial under ERISA, this court must strike plaintiff's demand for a jury trial."). While motions to strike are generally disfavored, they are "appropriate . . . if they expedite litigation, and sometimes striking a jury demand might do that." *Garrity v. Sun Life & Health Ins. Co. (U.S.)*, 596 F. Supp. 3d 1111, 1115 (N.D. Ill. 2022).

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has interpreted "Suits at common law" to refer to "suits in which

2

legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (cleaned up). To determine whether a constitutional right to a jury trial exists, the Court must (1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity[,]" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 565 (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)).

## ARGUMENT

Plaintiffs have no right to a jury trial because all of their claims are brought under ERISA, and because Plaintiffs label their requested relief as equitable in nature.

### A. Plaintiffs Are Not Entitled to a Jury Trial for Any of their ERISA Claims.

ERISA does not expressly provide a right to a jury trial. The Supreme Court has held that claims brought under ERISA are equitable in nature. *See, e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) ("[A] suit by a beneficiary against a plan fiduciary . . . about the terms of a plan . . . . is the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law."). Because only equitable relief is available under ERISA, the Seventh Circuit has consistently held that ERISA actions do not carry a right to a jury trial. *See*, *e.g.*, *Divane v. Nw. Univ.*, 953 F.3d 989, 994 (7th Cir. 2020) ("The general rule in ERISA cases is that there no right to a jury trial because ERISA's antecedents are equitable, not legal." (quoting *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007)), *vacated and remanded on other grounds sub nom. Hughes v. Nw. Univ.*, 595 U.S. 170 (2022); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998) ("[T]here is no right to a jury trial in an ERISA case[.]"); *Wardle v. Cent. States, Se. & Sw. Areas Pension Fund*, 627 F.2d 820,

829–30 (7th Cir. 1980) (rejecting the plaintiff's constitutional argument for jury trial under the Seventh Amendment and holding that "ERISA does not grant [plaintiff] a right to a jury trial."). Courts in this District have routinely granted motions to strike jury demands in ERISA cases such as this one. *See, e.g.*, *Wachala v. Astellas US LLC*, No. 20 C 3882, 2022 WL 22902205, at \*2 (N.D. Ill. Apr. 21, 2022) (granting motion to strike jury demand because "the overwhelming weight of authority holds that ERISA claims are equitable in nature and therefore do not give rise to a right to a jury trial"); *Garrity*, 596 F. Supp. 3d at 1119 ("[C]ourts in this District routinely grant motions to strike a jury demand where the plaintiff seeks solely equitable relief under ERISA." (collecting cases)); *McCutchan v. Coriant Operations, Inc.*, 20 C 561, 2021 WL 83734, at \*5 (N.D. Ill. Jan. 11, 2021) (granting motion to strike jury demand in ERISA action); *Tucker v. Montgomery Ward & Co.*, 1987 WL 14616, at \*1 (N.D. Ill. July 17, 1987) ("[T]he court finds that the plaintiffs have no right to a jury trial on their ERISA claims and strikes the jury demand[.]").

Simply put, "the overwhelming weight of authority in the federal courts" holds that ERISA claims are "equitable in nature for purposes of the Seventh Amendment jury trial right," and not entitled to a jury trial. *Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at \*8–9 (S.D. Ill. Apr. 18, 2007) (collecting cases). This action is no different: because Plaintiffs assert only ERISA claims, their claims must be resolved by the Court rather than a jury. Plaintiffs' jury demand should therefore be stricken.

### B. Plaintiffs Label Their Requested Relief as Equitable, Foreclosing a Jury Trial.

Plaintiffs label their requested relief as equitable in nature, which reinforces that Plaintiffs are not entitled to a jury trial. Plaintiffs demand: disgorgement, surcharge, removal of fiduciaries, reversal of prohibited transactions, reformation of the Plan "to include only prudent voluntary insurance," an accounting, an order for Defendants to "restore the Plan to the position it would

have occupied" before the alleged breaches of fiduciary duty occurred, and "other equitable or remedial relief as the Court deems appropriate." Compl. ¶ 249. Such "restitutionary" relief is equitable in nature. *Terry*, 494 U.S. at 570. Indeed, as the Supreme Court has recognized, even "an award of make-whole relief" is equitable in nature when sought against an ERISA fiduciary. *Amara*, 563 U.S. at 442 (also holding that "the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief," *id.* at 441).

In addition, "[a]ny recovery under § 502(a)(2) for breach of fiduciary duty must go to the plan as a whole rather than to individual beneficiaries." *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997). This "is a paradigmatic application of the equitable remedies of restitution and accounting." *Spano*, 2007 WL 1149192, at *7 (citation omitted). Such equitable relief forecloses a right to a jury trial under the Seventh Amendment. *See Terry*, 494 U.S. at 564.

### C. The Court Should Decline to Empanel an Advisory Jury.

Plaintiffs alternatively demand an advisory jury, without providing any justification for one. *See* Compl. ¶ 248. Such a request is premature here, given that Defendants have filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) which, if granted, would dispose of this case in its entirety. Regardless, the Court should decline to exercise its discretion to empanel an advisory jury because doing so would not be helpful to the resolution of this ERISA case. As other courts in this district have held when ruling on similar requests in ERISA cases, "[r]ather than promoting judicial economy, it appears an advisory jury would only prolong proceedings and increase trial cost." *Wachala*, 2022 WL 22902205, at *2 (quoting *Williams v. Centerra Grp., LLC*, No. 1:20-CV-04220-SAL, 2022 WL 88586, at *6 (D.S.C. Jan. 7, 2022)). This is because "it is the job of the Court to decide the legal viability of Plaintiff's claims and the Court has an extensive and comprehensive statutory and regulatory framework established under ERISA in which to rely on."

*Beesley v. Int'l Paper Co.*, 2009 WL 260782, at \*6 (S.D. Ill. Feb. 4, 2009) (citing *Buckley Dement, Inc. v. Travelers Plan of Admin. of Ill.*, 39 F.3d 784, 789 (7th Cir. 1994)). Empaneling an advisory jury would not assist this effort, and would only prolong proceedings, substantially increase the parties' costs, and divert the Court's limited resources.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Joint Motion to Strike Plaintiffs' Jury Demand.

Dated: March 27, 2026

By: */s/ J. Christian Nemeth*
J. Christian Nemeth
McDermott Will & Emery LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606
Phone: 312-372-2000
Fax: 312-984-7700
jcnemeth@mwe.com

*Counsel for Defendant Gallagher Benefit Services*

Respectfully submitted,

By: */s/ Mark C. Nielsen*
Mark C. Nielsen (No. 90785769)
Daniel J. Cohen (No. 6329558)
Lars C. Golumbic\*
Kara Petteway Wheatley\*
Colleen J. Harrison\*
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Phone: 202-861-6615
Fax: 202-659-4503
mnielsen@groom.com
dcohen@groom.com
lgolumbic@groom.com
KWheatley@groom.com
charrison@groom.com

*Counsel for Defendant CHS/Community Health Systems, Inc.*

\*Admitted *pro hac vice*

6

## CERTIFICATE OF SERVICE

I, Mark C. Nielsen, hereby certify that, on March 27, 2026, I caused the foregoing *Defendants' Joint Opposed Motion to Strike Jury Demand* to be filed electronically using this Court's CM/ECF system, thereby serving such filing on all registered participants identified in the Notice of Electronic Filing in this matter on this date.

/s/ *Mark C. Nielsen*___
Mark C. Nielsen