**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DWAYNE BREWER, MARCIA FRANCOIS, KATHLEEN DOYLE-STARK, AND WENDY POINDEXTER, individually and as representatives of a class of participants and beneficiaries on behalf of the CHS/COMMUNITY HEALTH SYSTEMS, INC. WELFARE BENEFIT PLAN,

*Plaintiffs,*

vs.

CHS/COMMUNITY HEALTH SYSTEMS, INC., GALLAGHER BENEFIT SERVICES, INC., and JOHN DOES 1–20,

*Defendants.*

Case No. 25-cv-15578

Hon. Joan H. Lefkow

**DEFENDANTS' [OPPOSED] MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF THEIR RESPECTIVE MOTIONS TO DISMISS AND
JOINT MOTION TO STRIKE PLAINTIFFS' JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants CHS/Community Health Systems, Inc. ("CHS") and Gallagher Benefit Services, Inc. ("Gallagher") (collectively, "Defendants") jointly bring this opposed Motion to Stay Discovery pending resolution of their respective Renewed Motions to Dismiss Plaintiffs' Complaint (the "Motions to Dismiss" (Dkts. 48, 49, 50, 51)) and their Joint Motion to Strike Plaintiffs' Jury Demand (Dkt. 37) (collectively, the "Motions").

**BACKGROUND**

Plaintiffs' putative class action alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA"), in connection with voluntary benefits insurance ("VBI") coverage that CHS made available to its employees under the CHS Welfare Benefit Plan (the "Plan"). Plaintiffs assert six

1

claims under ERISA, 29 U.S.C. §§ 1104(a)(1) and 1106, for breach of fiduciary duties and engagement in prohibited transactions.

The respective Motions to Dismiss, filed on May 18, 2026, seek dismissal of the First Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Those Motions offer three independent bases for dismissal: (1) Plaintiffs lack Article III standing based on the face of their allegations, (2) Defendants' challenged conduct is not subject to ERISA's fiduciary standards, and (3) Plaintiffs fail to plausibly allege that Defendants breached any of ERISA's fiduciary duties or engaged in prohibited transactions. Plaintiffs' response is due on June 18, 2026, and the Motions will be fully briefed by July 9, 2026. Dkt. 44. Defendants also filed a Motion to Strike Plaintiffs' Jury Demand (Dkt. 37), on March 27, 2026, which is fully briefed. *See* Dkts. 42, 45.

On May 8, 2026, before any Rule 26(f) conference had been held, Plaintiffs served their First Set of Requests for Production on Defendants, along with a draft ESI protocol and Confidentiality Order. Exs. A–D. Plaintiffs make 40 wide-ranging requests for production for CHS and 33 similarly broad requests for production for Gallagher. Exs. A, B. Among other things, Plaintiffs' requests seek: "[a]ll Documents related to the At-Issue Benefits"; "[a]ll meeting-related Documents, including minutes and meeting materials, including drafts of such documents, for all meetings related of [Defendants] or any and all groups within [Defendants] related to Voluntary Benefits"; "[a]ll Documents sent to or received from any and all associations . . . trade groups, or industry publications mentioning any and all insurance policies offered in connection with the At-Issue Benefits"; "[a]ll Documents related to any and all fiduciary training provided to CHS and/or all Plan Fiduciaries related to their responsibilities when administering the Plan"; and "[a]ll

Documents reflecting any and all complaints by a current or former Plan participant related to Voluntary Benefits and/or the At-Issue Benefits." Ex. A ¶¶ 1, 5, 31, 34, 36; Ex. B ¶¶ 1, 4, 28.

Defendants' counsel conferred with Plaintiffs' counsel regarding the instant Motion to Stay Discovery, and Plaintiffs oppose this Motion. Defendants raised the issue of a discovery stay with Plaintiffs' counsel months ago, but rather than meaningfully engage on the issue, Plaintiffs immediately stated that they would oppose any stay. The Parties, therefore, set forth their respective preliminary positions regarding a stay in discovery in their Joint Status Report (Dkt. 29), with Defendants indicating that a stay in discovery was appropriate and would be sought. *Id.* On May 8, 2026, Plaintiffs served their discovery requests without even first conferring with Defendants' counsel, despite knowing that the respective Defendants would be filing motions to dismiss on May 18, 2026, per the Court's scheduling order.

## **LEGAL STANDARD**

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

A party moving for a stay of discovery bears the burden of showing good cause. *See Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). In determining whether to stay discovery, courts in this district apply a three-part test: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). "Courts also consider the numerosity and substantiality of the bases for dismissal raised

when determining whether a stay is warranted." *Omnireps, LLC v. CDW Corp.*, No. 1:23-CV-00868, 2024 WL 2052069, at *2 (N.D. Ill. May 8, 2024) (quotation omitted).

For the reasons explained below, the Court should exercise its broad discretion to stay discovery in this putative ERISA class action pending the resolution of the Motions.

## ARGUMENT

### I.     A Stay of Discovery Will Not Prejudice Plaintiffs.

A temporary stay in discovery pending the Court's resolution of Defendants' Motions will not prejudice or disadvantage Plaintiffs. This case is in its earliest stages. Among other things:

- The First Amended Complaint ("FAC") was filed on April 17, 2026 (Dkt. 41);

- Defendants filed a Joint Motion to Strike Plaintiffs' Jury Demand on March 27, 2026 (Dkt. 37), which has been fully briefed since May 4, 2026 (Dkts. 42, 45);

- Defendants filed Motions to Dismiss the FAC in its entirety on May 18, 2026, with briefing to be complete by July 9, 2026 (Dkts. 48, 49, 50, 51);

- No Rule 26(f) conference has been held;

- No discovery schedule has been set;

- No discovery has taken place outside of Plaintiffs, on May 8, 2026, serving their early (and overbroad) First Requests for Production on Defendants despite no Rule 26(f) conference having occurred; and

- No trial date has been set.

Accordingly, a stay of discovery will not interfere with any pre-existing schedules of the Court, the Parties, or any potential witnesses. *See* Rule 26(d)(2)(B) (early Rule 34 requests, such as Plaintiffs', are "considered to have been served at the first Rule 26(f) conference," which has not yet occurred); *Omnireps*, 2024 WL 2052069, at *2 (plaintiff not prejudiced by a stay of discovery where, *inter alia*, the case was "largely in its early stages, the parties h[ad] not yet engaged in discovery, and no deterioration of evidence concerns [were] raised"); *cf. AOT Holding*

*AG v. Archer Daniels Midland Co.*, No. 19-2240, 2020 WL 1472266, at *1 (C.D. Ill. Jan. 22, 2020) (denying request to stay discovery where the court had already adopted "a 30-month pre-trial schedule").

The fact that a stay would delay Plaintiffs from proceeding with discovery while the Court considers Defendants' Motions is not prejudicial. *See Omnireps*, 2024 WL 2052069, at *2 (a "mere delay in plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice" (quoting *Rao v. JPMorgan Chase Bank*, *N.A.*, No. 21 C 1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021))); *Rodriquez v. Ford Motor Co.*, No 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (the "general prejudice of waiting for the Court to rule on the motion to dismiss . . . is not a reason to deny the stay").

Additionally, there is no need for Plaintiffs to conduct discovery while the Motions are pending. ***First***, Plaintiffs provide no basis for prematurely serving document requests before a Rule 26(f) conference and in the midst of briefing on Defendants' Motions to Dismiss. Nor is there one: for example, there is no heightened concern that "witnesses or documents . . . will be lost or no longer discoverable if discovery is stayed." *Rodriquez,* 2022 WL 704780, at *1. The vast majority of evidence relevant to Plaintiffs' ERISA claims—for example, the Plan documents, the VBI insurance contracts, the process by which VBI coverages were selected by CHS, and Gallagher's compensation—is documentary. Such documentary evidence "is not likely to degrade or disappear." *Georgia Gaming Inv., LLC v. Chicago Title & Tr. Co.*, No. 22-cv-02328, 2023 WL 5804360, at *1 (N.D. Ill. Mar. 31, 2023).

***Second***, Plaintiffs do not need discovery to respond to the legal issues raised in Defendants' Motions to Dismiss—which are a facial challenge to Plaintiffs' Article III standing and the sufficiency of Plaintiffs' pleadings. *See Landstrom v. Illinois Dep't of Children & Family Servs.*,

892 F.2d 670, 674 (7th Cir. 1990) (affirming district court's decision to stay discovery as "clearly correct" when discovery was not necessary to resolve threshold legal issue of qualified immunity on motion to dismiss); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (granting stay of discovery where the discovery sought was irrelevant to the legal issues raised in a motion to dismiss and the "sole result of such discovery, pending resolution of the [] motion, would be cost and inconvenience"). Nor do Plaintiffs need discovery to respond to Defendants' Joint Motion to Strike Plaintiffs' Jury Demand (Dkt. 37), which was fully briefed *before* Plaintiffs filed their early discovery demand, and which, in any event, addresses a purely legal issue: whether ERISA authorizes a jury trial (it does not, as explained at *id.* at 3–4).

*Finally*, any claim of prejudice resulting from a temporary stay in discovery rings hollow because Plaintiffs do not seek immediate injunctive relief. *See* FAC, Prayer for Relief; *cf*. *Rodriguez*, 2022 WL 704780, at *1 (holding that the plaintiff failed to demonstrate prejudice from a stay of discovery where, *inter alia*, he did not seek "immediate injunctive relief").

## II. Staying Discovery Will Simplify the Issues Before the Court and Streamline Trial.

A stay of discovery will simplify the issues in this novel and complex putative ERISA class action. Defendants' Motions to Dismiss raise threshold facial issues of Article III standing that, if granted, are case-dispositive. Among other things, Defendants' Motions argue that Plaintiffs fail to allege a concrete injury-in-fact, which is an "irreducible constitutional minimum." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). For example, CHS argues that Plaintiffs fail to allege an Article III injury because Plaintiffs admit that they received all of the VBI coverage that they were promised—that is, Plaintiffs paid premiums in exchange for a contractually-delineated set of coverages. Dkt. 49 at 6. As the Supreme Court held in *Thole v. U. S. Bank N.A.*, it is of "decisive importance" to the standing analysis if plaintiffs challenge a defined-benefits plan, as they do here,

because plaintiffs lack standing to challenge the management of such plans where they receive all contractually promised benefits and do not allege any substantial risk that future benefits will not be paid.  590 U.S. 538, 540, 543–46 (2020).[1]

Put simply:  if the Court agrees that Plaintiffs fail to establish even one element of Article III standing from the face of the FAC, this case is over.  There is no reason to subject Defendants to the burden and expense of discovery—or the Court to likely discovery disputes between the parties—when this lawsuit could be over in a matter of months.  A stay is thus a prudent option. *See*, *e.g., OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan,* No. 21 C 50029, 2021 WL 7708963, at *2 (N.D. Ill. Oct. 4, 2021) ("Here, Defendants posit legal arguments [in an ERISA case] that may prove to be dispositive of the case – including standing.  While the Court does not know whether Defendants' motion to dismiss will prove to be successful, the Court finds that discovery beyond the disclosure of the administrative record should be stayed pending the resolution of the motion.").

Defendants' Motions to Dismiss also raise Rule 12(b)(6) challenges that, if granted in full, would be case-dispositive.  And even if the Motions to Dismiss were granted only partially, the ruling would substantially narrow the issues in this litigation.  For example, even assuming that Plaintiffs have Article III standing (which they do not) and that Defendants acted as fiduciaries in the challenged conduct (which they did not), the Motions to Dismiss argue that Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6) given Plaintiffs' failure to state a claim under ERISA for breach of fiduciary duty or prohibited transactions.  Dismissal of any claim would affect the scope of discovery for the remaining claims.

---

[1] Defendants challenge each element of Plaintiffs' Article III standing, and the bases for such challenges are set forth in the Defendants' respective Motions to Dismiss. Defendants' arguments as to Article III standing are incorporated by reference.

Among other things, Plaintiffs' allegation that they paid "increased, excessive, and unreasonable premiums relative to benefits received," FAC ¶ 178, is entirely speculative. As explained in CHS's Motion to Dismiss (Dkt. 49 at 7–8), Plaintiffs do ***not*** identify ***premiums*** charged by ***comparable plans*** for ***comparable coverages***. Conclusory allegations that plaintiffs paid "more in premiums," without any "allegation or evidence of premiums o[f] other plans," are insufficient to establish standing. *Lewandowski v. Johnson & Johnson,* No. 24-671, 2025 WL 288230, at *4 (D.N.J. Jan. 24, 2025). That failure alone defeats Plaintiffs' attempt to plead imprudence. *See Albert*, 47 F.4th at 579. Further, even if broker commissions were relevant to whether premiums were excessive (and they are not), the commissions Plaintiffs challenge fall within the range that Plaintiffs themselves describe as "typical." *See* Dkt. 51 at 15–16. Plaintiffs allege that broker commissions for VBI generally range from 15% to 55% of premiums. FAC ¶ 93. Yet the commissions they attribute to the Plan (22.65%) are on the low end of that range. *Id.* ¶ 186.

Further, if the Court grants even part of Defendants' respective Motions to Dismiss, that will streamline issues for trial, by narrowing the issues for consideration. This is true regardless of whether the trial will be a bench trial or jury trial.

Stays of discovery are "often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336–38 (7th Cir. 2005) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." (citation modified)); *OSF*

*Healthcare System v. SEIU Healthcare IL Personal Assistants Health Plan*, No. 21 C 50029, 2021 WL 7708963, at *2 (N.D. Ill. Oct. 4, 2021) (stay of discovery is appropriate where "the motion to dismiss can resolve the case, where the motion raises a potentially dispositive threshold issue (such as a challenge to standing), or where ongoing discovery is unlikely to produce facts necessary to defeat the motion"); *Liggins v. Reicks*, No. 3:19-cv-50303, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021) (a motion to dismiss that may result in the dismissal of a case "weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary"); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (stay of discovery is "not disfavored and [is] often appropriate where the motion to dismiss can resolve the case").

As a result, courts regularly grant stays in complex cases, such as this one, where resolution of a pending motion could significantly impact the case. For example, in a complex ERISA case involving a 401(k) plan that was filed in this District, the court recently stayed discovery pending a ruling on defendants' motion to dismiss. Minute Entry, *Porter v. Arthur J. Gallagher (Illinois), LLC*, No. 1:25-cv-13005 (SLE) (N.D. Ill. Feb. 18, 2026) ("The Court stays discovery pending ruling on Defendants' motion to dismiss."). And in another ERISA case filed in this District that raises claims identical to those at issue in this lawsuit, the court granted a stay of the responsive pleading deadline pending its ruling on defendants' motion to transfer venue, noting that "a brief stay of the answer deadline will not cause any undue prejudice to plaintiffs." Minute Entry, *Braham v. Labcorp*, No. 1:25–cv–15583 (N.D. Ill. Apr. 20, 2026), Doc. 39. This rationale is even more appropriate when the pending motion could result of the dismissal of the case in its entirety. *See, e.g.*, *In re Clearview AI, Inc. Consumer Privacy Litig.*, No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) ("In light of the potentially-dispositive standing argument, the Court finds that a temporary stay of discovery [] is warranted."). As in *Rodriguez*, the "ruling on any

9

part" of the Motions—*i.e.*, Defendants' arguments that (1) Plaintiffs lack Article III standing to assert any of their ERISA claims, (2) the conduct at issue is not subject to ERISA's fiduciary standards, and (3) Plaintiffs have failed to state a claim for relief under ERISA—has the potential to dispose of this case in its entirety. 2022 WL 704780, at *2. This is good cause to stay discovery pending resolution of the Motions. *See, e.g.*, *Omnireps*, 2024 WL 2052069, at *2 (holding that the resolution of a motion to dismiss could simplify a case, particularly "given the number of the claims and the alleged bases for dismissal raised in defendants' motions"); *Rao,* 2021 WL 4927415, at *1 (holding that there was good cause to stay discovery where a motion to dismiss "raise[d] multiple grounds for dismissing each of Plaintiff's counts, as to all Defendants").

### III.     The Burden of Discovery Will Be Significant in This Putative ERISA Class Action, Thus Warranting a Stay While the Court Considers Threshold Issues.

By any measure, Plaintiffs' class action ERISA lawsuit raises complex legal and factual issues that, given the pendency of the Motions before the Court which address threshold issues as to the Court's jurisdiction (among other things), warrant a stay in discovery.

Among other things, Plaintiffs' Complaint spans a class period greater than six years (from December 23, 2019, through the date of judgment), identifies multiple Defendants (including 20 unknown "John Does"), and involves alleged conduct dating back as far as 2015. FAC ¶¶ 1, 24, 124, 165, 168–69, 171, 186, 208, 215. Additionally, the Complaint alleges that Defendants (including the 20 unknown "John Does") violated ERISA, which the Supreme Court has described as a "comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993)).

The complexity of this lawsuit—and the scope of discovery that Plaintiffs contemplate as necessary—is reflected in Plaintiffs' early First Set of Requests for Production, where Plaintiffs

make a combined 73 requests on CHS and Gallagher, the vast majority of which are broadly worded and wide-ranging, and will inevitably result in voluminous productions and/or motions practice. *See generally* Exs. A–B. It is also evidenced by Plaintiffs' proposed discovery schedule, which goes well into next year:

- Joinder of additional parties until February 5, 2027;

- Fact discovery extending until February 5, 2027; and

- Expert discovery running until July 26, 2027, with *Daubert* motions due by late August *2027*.

Dkt. 29 at 2. Given the multi-defendant, class-wide nature of Plaintiffs' lawsuit, discovery will require extensive productions of documents across *at least* three corporate defendants—CHS and Gallagher, as well as the VBI coverage insurer—as well potentially an untold number of unnamed "John Does" whom Plaintiffs may not identify until February 2027. This is in addition to any discovery disputes over Plaintiffs' extremely broad and numerous early requests for production,[2] extensive depositions, expert retentions, production of expert reports, and expert depositions— followed by *Daubert* motions.

Plaintiffs implicitly acknowledge that even under their aggressive (and unreasonable) discovery and pre-trial schedule, trial of this matter (if it happens) is unlikely to occur before *2028- —almost 10 years after the commencement of the putative class period*. As such, a temporary discovery stay while the Court considers the Motions to Dismiss and the Joint Motion to Strike Plaintiffs' Jury Demand is hardly prejudicial or disadvantageous.

---

[2] Plaintiffs' counsel refused to extend professional courtesy to CHS's counsel as to even a simple response date to the Complaint—despite their knowledge that one of CHS's primary counsel was recovering from surgery and the other was unavailable. Dkts. 25, 25-1. Additionally, Plaintiffs' counsel refused to consent to a 10-page extension of pages for Defendants' Motions to Dismiss. Each refusal, unfortunately, required motion practice before the Court. Defendants expect that discovery issues in this case will raise even more contested issues for the Court's consideration.

To the contrary, staying discovery promotes judicial economy and is an efficient use of the Parties' resources. "Pretrial discovery is time consuming and expensive." *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018). This consideration is particularly relevant in complex ERISA cases like this one. *See Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718–19 (2d Cir. 2013) ("[T]he prospect of discovery in a suit claiming [ERISA] breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests[.]"); *see also, e.g.*, *DSM Desotech Inc. v. 3D Systems Corp.*, No. 86 C 1531, 2008 WL 4812440, at \*1–3 (N.D. Ill. Oct. 28, 2008) (staying discovery in antitrust matter alleging six antitrust claims). Indeed, the Supreme Court has expressly recognized standing challenges as a way for courts to "screen out meritless [ERISA] claims ***before discovery.***" *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025) (emphasis added).

If Defendants' Motions narrow issues, discovery in this multi-year class action will be reduced, in turn reducing the burdens on the Court and the respective Parties. Accordingly, this factor further favors staying discovery. *See Rodriguez v. Ford Motor Co.*, No 21 C 2553, 2022 WL 704780, at \*2 (N.D. Ill. Mar. 9, 2022) ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss."); *see also, e.g.*, *Coss v. Playtex Prod.*, *LLC*, No. 08 C 50222, 2009 WL 1455358, at \*1 (N.D. Ill. May 21, 2009) (holding that a stay of discovery may be appropriate in particularly complex cases where discovery is likely to be especially burdensome or costly).

12

## **CONCLUSION**

For the reasons explained above, Defendants respectfully request that this Court stay discovery pending resolution of Defendants' respective Motions to Dismiss and their Joint Motion to Strike Plaintiffs' Jury Demand.

Dated: May 18, 2026

Respectfully submitted,

By: */s/ Mark C. Nielsen*
Mark C. Nielsen (no. 90785769)
Daniel J. Cohen (no. 6329558)
Lars C. Golumbic*
Kara Petteway Wheatley*
Colleen J. Harrison*
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Phone: 202-861-6615
Fax: 202-659-4503
mnielsen@groom.com
dcohen@groom.com
lgolumbic@groom.com
kwheatley@groom.com
charrison@groom.com

*Counsel for Defendant CHS/Community Health Systems, Inc.*

*Admitted *pro hac vice*

s/ *J. Christian Nemeth*
MCDERMOTT WILL & Schulte LLP
J. Christian Nemeth
444 W. Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: jcnemeth@mwe.com

*Counsel for Defendant Gallagher Benefit Services*

13

**<u>CERTIFICATE OF SERVICE</u>**

I, Mark C. Nielsen, hereby certify that, on May 18, 2026, I caused the foregoing *Motion for a Stay of Discovery Pending Resolution of Motion to Dismiss* to be filed electronically using this Court's CM/ECF system, thereby serving such filing on all registered participants identified in the Notice of Electronic Filing in this matter on this date.

By: */s/ Mark C. Nielsen*
   Mark C. Nielsen (no. 90785769)

14